CASE 37.—ACTION BY BENJAMIN BARTLEY AGAINST
CHARLES SPIESS' ADMINISTRATRIX.—October 11.

# Spiess' Admx. v. Bartley

Appeal from Nelson Circuit Court.

SAMUEL E. JONES, Circuit Judge.

From a default judgment for plaintiff, defendant appealed.—Reversed.

1. Pleading—Reply—New Cause of Action.—Civil Code of Practice, section 90, requires the petition to state facts constituting a cause of action. Section 98 permits a reply to contain only a traverse, facts constituting. an estoppel against, or avoidance of, a set-off, etc., or cf defenses stated in the answer, a counterclaim against a set-off, or a cross-petition. The petition sought to recover the rent of an engine, and the answer denied the indebtedness, and pleaded an award of arbitrators allowing plaintiff a certain amount for the hire of the engine, and the reply admitted that the matters alleged in the petition were submitted to arbitrators and that their award covered the entire controversy, and sought to recover on the award a certain sum, for which judgment was allowed by default. Held, That the reply was a departure from the petition, and set up a new and independent cause of action, which was not permissible under the statutes.

2. Arbitration and Award—Award—Repudiation.—Both parties to an award of arbitrators may repudiate it, and litigate the controvesy on the basis of the contract claimed by them.

3. Pleading — Reply — Departure — Action on Award. — After having submitted their contract rights to arbitrators and a valid award was made, plaintiff should have sued on the award unless both he and defendant repudiated it, and, where defendant relied on the award in his answer, plaintiff should have set it up in an amended petition, and not by reply.

4. Arbitration and Award—Award—Merger of Action.—Upon the submission of the contract rights of the parties to arbitrators

Spiess' Admx. v. Bartley.

and a valid award being made by them, the controversy was merged in the award.

5. Judgment—Default—Pleadings to Sustain Judgment—Departure. —A cause of action set up for the first time in the reply, which was a departure from that alleged in the petition, can not sustain a default judgment thereon.

S. M. PAYTON for appellant.

The plaintiff can not set up a new cause of action and take a judgment on it, either with or without proof, without first having a summon issued and served on his adversary. Nothing could be clearer. (Cecil v. Soward, 10 Bush 96, and Howard v. Singleton, 94 Ky. Law Rep. 336; Cope v. Slayden, 24 Ky. Law Rep. 1734.

The last above named case is quite similar, and is, it seems to me, conclusive on the case. We ask and pray that the case may be reversed, that the judgment may be set aside, and that the parties be permitted to form an issue in the case.

AUTHORITIES CITED.

Section 98, Civil Code; Hyatt v. Bank of Ky., 8 Bush 193; Howard v. Singleton, 94 Ky. 336; section 451, Civil Code; section 126, Civil Code; Hyatt v. Bank of Ky., 94 Ky. 336, and Cope v. Slayden, 24 Ky. Law Rep. 1734.

C. T. ATKINSON for appellee.

1. Where an award is for a certain sum, it merges the controversy and must be sued on, having the effect of a judgment; but where it is of an interlocutory nature fixing the basis of settlement and the amount daily to be paid for hire, the period to be fixed by the action of defendant; and that he should replace a cog-wheel at his own expense, an action on the original contract is proper, the award only merging the account to the extent it professes to do so, and modifies it to that extent.

2. Where an award is imperfectly plead as a bar, plaintiff by replication can demand the relief granted by the award, particularly when it only fixes the basis of settlement instead of awarding a sum certain.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

Charles Spiess and Benjamin Bartley, having a controversy about the hire of a traction engine owned by Bartley and rented by Spiess, submitted the case in December, 1905, to Edward Belle and Ed C. Dawson, arbitrators, and, in the event they could not agree, to William J. Dawson, umpire. The arbitrators and the umpire in December, 1905, made the following award in writing: "Said Spiess shall pay Bartley $1.75 per day from the 6th day of November, 1905, until the engine is returned to said Bartley at New Haven. Ky., this being a concession of $1.00 per day from the contract price. Said Spiess is to return said engine to New Haven, Ky., and replace the main cogwheel which is broken with a new one; said Spiess to have five days after engine is returnd to New Haven in which to replace said wheel." In January, 1906, Bartley, ignoring the submission and award, brought suit against Spiess to recover from him rent for the engine at $2.75 per day, amounting to $195.25, and $35 damages for breakage. To this petition Spiess answered, denying the indebtedness, and in a separate paragraph pleading the award in bar of Bartley's right to maintain an action independent of the award. In February, 1907, the death of Spiess was suggested, and in October, 1907, the action was duly revived against the administratrix. On February 11, 1908, Bartley filed a reply, in which he admitted that the matters and things sued upon in his petition were submitted to arbitrators and an umpire, who in December, 1905, made their award, copies of which he filed with his reply. He averred that the award covered all points in controversy, and

settled all matters in dispute, and sought to recover on the award the sum of $217.51, the amount found to be due him under the award according to his method of calculation; and for this amount he asked judgment. On February 14, 1908, the following order was made: "This cause having been heretofore revived against Amelia Spiess, as administratrix of Charles Spiess, and being called for trial, the allegations of the reply, not being controverted, are taken for confessed, and it is adjudged that plaintiff recover of Amelia Spiess, as administratrix, the sum of $217.51, with 6 per cent interest."

It will thus be seen that in the petition filed appellee sought to recover upon a contract, and that in a reply he abandoned the contract, and sought to and did recover upon the award. There was a departure from the original cause of action—in fact, a new and independent cause of action was set up in the reply. Both of the parties to the controversy might have ignored the award, but they did not do this. Spiess in his answer expressly relied upon it as a bar to a recovery upon the contract. As the submission covered all the matters in dispute between the parties, Bartley should in his original petition have sued on the award, but, failing in this, should have set it up in an amended petition. The controversies between the parties were merged in the award.

The plaintiff can not in a reply depart from the cause of action stated in his petition, or obtain a judgment by default upon a cause of action set up for the first time in a reply. Under Civil Code of Practice the cause of action upon which a plaintiff relies to obtain judgment must be set up in a petition, or an amended petition, section 90 providing that "the petition must state facts which constitute a cause of

action in favor of the plaintiff against the defendant;" whilst under section 98 a reply may contain only "(1) a traverse, (2) a statements of facts which constitute an estoppel against or avoidance of a set-off and counterclaim, or defense stated in the answer, (3) a counterclaim against the set-off, and (4) a cross-petition." The established rules of pleading are not as generally observed as they should be by either the bench or bar, but it would be an unusual departure to permit a judgment by default to be rendered upon a cause of action stated in a reply. Spaulding v. Alexander, 6 Bush 160.

Wherefore the judgment is reversed, with directions to set aside the judgment and permit Bartley, if he desires to do so, to file an amended petition,, and the parties may then tender other pleadings necessary to complete the issues.