## Board of Drainage Commissioners of Ballard County, et al. v. Illinois Central Railroad Company, et al.

(Decided April 22, 1924.)

### Appeal from Ballard Circuit Court.

1. Appeal and Error—When Motion for New Trial Unnecessary and Separation of Law and Facts Not Required.—No motion for a new trial is necessary on the trial of provisional remedies, and no separation of law and facts by the court may be required in such a proceeding.

2. Appeal and Error—Motion for New Trial Unnecessary in Equity Actions.—No motion for new trial is necessary in equity actions, and the judgment becomes final in such actions, although a motion for new trial is entered.

3. Appeal and Error—Motion for New Trial Necessary in Actions Tried Before Jury.—In actions tried before a jury, a motion for new trial must be made in all cases, even though the case goes off on a peremptory instruction, and the judgment does not become final until the motion for new trial is overruled.

4. Appeal and Error—Questions Arising where no Motion for New Trial Made.—In ordinary actions tried before the court without a jury, if no motion for new trial is made, the only questions arising on the appeal are whether pleadings support judgment and whether there is any evidence to warrant it, and, if there is no evidence to warrant the judgment, or if the pleadings do not support the judgment, it will be reversed, though there is no motion for a new trial, and no separation of law and facts; but if other errors are relied on a motion for a new trial is necessary, and the same rule applies where the facts are agreed.

5. Appeal and Error—No Separate Findings of Law and Fact Necessary to an Appeal.—In ordinary actions tried before the court without a jury, no separate findings of law and fact are necessary to an appeal.

6. Trial—Time for Requesting Separate Findings of Law and Fact.—In ordinary actions tried before the court without a jury, either of the parties may or may not request separate findings of law and fact, but request must be made within the time allowed for making a motion for a new trial.

7. Appeal and Error—Errors in Findings Need Not be Assigned in Grounds for New Trial, But Must be Excepted to.—Errors in separate findings of law and fact in ordinary actions tried before

the court without a jury need not be assigned in the grounds for a new trial, but such findings as are complained of must be excepted to.

8.  Appeal and Error—Appeal may be Prosecuted Without Bringing up Evidence where Conclusions of Law Complained of.—Where only judge's conclusions of law are complained of in ordinary actions tried before the court without a jury, appeal may be prosecuted without bringing up the evidence, just as in the case of the special verdict of a jury; the only question being whether the court entered the proper judgment on the facts found.

9.  Appeal and Error—Motion for New Trial Necessary for Review of Errors in Admission of Evidence.—In drainage proceedings under Ky. Stats., section 2380b-1, et seq., in order for appellants to present in Court of Appeals any question as to .errors of the court in admitting or rejecting evidence or to raise the question whether on all the evidence the judgment of the circuit court was erroneous, it was necessary for them to make a motion for a new trial, in view of Civil Code of Practice, sections 1, 2, 3, 6, 340.

10.  Drains—Viewers' Report Prima Facie Evidence of Facts Stated, but on Exceptions Thereto Case Determined on all the Evidence. —In drainage proceedings under Ky. Stats., section 2380b-1, et seq., the viewers' report is prima facie evidence of the facts stated therein, but when exceptions are filed to the report the case is to be determined by the court on all the evidence, though due weight should be given the fact that the viewers went over the property and carefully examined it.

11.  Drains—Conclusions of Circuit Court Not Disturbed Unless Against Weight of Evidence.—On appeal in drainage proceedings under Ky. Stats., section 2380b-1, et seq., conclusions of the circuit court who saw and heard the witnesses cannot be disturbed unless against the weight of the evidence.

W. MIKE OLIVER, ED. REESOR, J. B. WICKLIFFE and MILTON ANDERSON for appellants.

JOHN E. KANE, R. V. FLETCHER, TRABUE, DOOLAN, HELM & HELM, H. F. TURNER and W. T. WHITE for appellees.

OPINION OF THE COURT BY J. P. HOBSON, COMMISSIONER—Affirming.

These are two drainage proceedings instituted in the Ballard county court under section 2380b, Kentucky Statutes. In the county court a judgment was rendered overruling the exceptions filed to the viewers' report and the drainage district was established on December 11, 1920. An appeal was taken to the Ballard circuit court; the cases were tried April 29, 1921, and judgment entered sustaining the exceptions to the viewers' report

and dismissing the petitions. On the same day the petitioners moved the court to separate its findings of fact and its conclusions of law. This the court did on that day and its separate conclusions of law and fact were filed. The petitioners then filed their motion and grounds for a new trial. This motion was heard and overruled on August 30, 1921. The petitioners excepted and prayed an appeal to this court, which was granted. On September 3rd bond for an appeal to the Court of Appeals was filed and approved by the clerk of the Ballard circuit court. On September 8th a copy of the judgment together with a copy of the appeal bond was filed in the clerk's office of this court. On September 10th the bill of exceptions was filed in the Ballard circuit court, and on October 28th a transcript of the record was filed here.

Appellees have entered a motion to dismiss the appeal on the ground that it was not taken within time as provided by the statute, which is in these words:

"In like manner, any person, firm or corporation who shall consider himself aggrieved by any final order or judgment of the circuit court concerning the provisions of this act, may pray and shall be granted an appeal to the Court of Appeals of Kentucky, which may be taken and prosecuted as other appeals from judgments of circuit courts, but such an appeal, herein provided for, to the Court of Appeals, shall be taken within ten (10) days from the day on which the order or judgment appealed from was rendered, and not thereafter; and unless such appeal be so taken within ten (10) days, then the order or judgment of the circuit court shall become final. The party or parties prosecuting an appeal to the Court of Appeals of Kentucky, shall within ten (10) days from the day order or judgment so appealed from was entered execute a bond before the clerk of the circuit court with good and sufficient security to be approved by the clerk, conditioned that he or they will prosecute said appeal with effect and pay all costs that may be adjudged against him or them in the Court of Appeals, and shall within the same time file with the clerk of the Court of Appeals of Kentucky a certified copy of the order or judgment so appealed from, together

with a copy of the bond so executed by him or them before the clerk of the circuit court, and within sixty (60) days from the day on which the order or judgment appealed from was entered, shall file with the clerk of the Court of Appeals of Kentucky a transcript of the record in the proceedings so appealed from; and unless a certified copy of said order or judgment, together with the copy of the bond above provided for, is filed with the clerk of the Court of Appeals within ten (10) days from the rendition of the judgment and unless a transcript of the record of such proceedings as above provided for be filed with the clerk of the Court of Appeals within sixty (60) days from the day the said order or judgment appealed from was entered, the right of appeal shall then terminate and the judgment become final, and the said order or judgment of the circuit court shall then by proper orders of said court be executed as herein provided." (Ky. Stats., 2380b-1g.)

It will be observed that the appeal was taken in time as provided by the statute, if the judgment of the circuit court did not become final until the motion for a new trial was overruled, but it is earnestly insisted that no motion for a new trial was necessary for an appeal and that the judgment became final when entered on April 29th.

As there seems from briefs filed in this court to be some uncertainty in the minds of the bar growing out of syllabi to some opinions beyond the question before the court, it may be proper to state the rules on the subject. The following rules have been laid down by this court for determining when a motion for a new trial is neces- sary.

1.   No motion for a new trial is necessary on the trial of provisional remedies and no separation of law and facts by the court may be required in such a pro- ceeding. Francis v. Burnett, 84 Ky. 23; Haynes v. Wiley, 12 R. 299; Crouch v. The Meguiar-Harris Co., 19 R. 819; Kassel v. Snead, 21 R. 777.

2.   No motion for new trial is necessary in equity actions and the judgment becomes final in such actions although a motion for new trial is entered. McCormick

Mch. Co. v. Martin, 21 R. 309; Salyer v. Arnett, 23 R. 321; List v. List, 26 R. 691.

3.   In actions tried before a jury a motion for a new trial must be made in all cases even though the case goes off on a peremptory instruction and the judgment does not become final until the motion for a new trial is over-ruled.   Harper v. Harper, 10 Bush 447; McAllister v. Ins. Co., 78 Ky. 531; Whitmer v. Cardwell, 194 Ky. 351.

4.   In ordinary actions tried before the court without a jury if no motion for new trial is made the only questions arising on the appeal are: Do the pleadings support the judgment and is there any evidence to warrant it?   If there is no evidence to warrant the judgment or if the pleadings do not support the judgment the judgment will be reversed although there is no motion for a new trial and no separation of law and facts.   But if other errors are relied on a motion for a new trial is necessary.   The same rule applies where the facts are agreed. No separate findings of law and fact are necessary to an appeal.   Either of the parties may or may not request this, but if they request it, it must be done within the time allowed for making a motion for a new trial. Errors in these findings need not be assigned in the grounds for a new trial. But such findings as are complained of must be excepted to.   The purpose of the separate findings of law and fact is simply to put in the record the grounds upon which the circuit court disposed of the case.   Where only his conclusions of law are complained of, the appeal may be prosecuted without bringing up the evidence just as in the case of the special verdict of a jury, the only question being whether the court entered the proper judgment on the facts found. Helm v. Coffey, 80 Ky. 176; Henderson v. Dupree, 82 Ky. 678; Commonwealth of Ky. v. King, 86 Ky. 436; Owensboro v. Weir, 95 Ky. 166; C., N. O. & T. P. Ry. Co. v. Hansford & Son, 125 Ky. 40; Roberts Cotton Oil Co. v. Dobbs, etc., 163 Ky. 695; Broadway & Newport Bridge Co. v. Commonwealth of Kentucky, 173 Ky. 165; Whitmer v. Cardwell, 194 Ky. 351.

Johnson v. Boggess, 179 Ky. 649, was an appeal from a directed verdict of the jury.   In Puckett v. Morris, 181 Ky. 374, the judgment was reversed on the pleadings.   These opinions are not in conflict with those above cited.

This case was heard before the court without a jury; the witnesses testified orally and a large amount of testimony was heard. In order for the appellants to present in this court any question as to the errors of the court in admitting or rejecting evidence or to raise the question whether on all the evidence the judgment of the circuit court was erroneous it was necessary for them to make a motion for a new trial, if this was an ordinary action. The statute provides:

> "In matters relating to procedure, the provisions of this act are intended to be exclusive of all other remedies. In matters where no rule of procedure is specifically set out herein, the same shall be governed by the rules of Civil Code of Practice, and the common law rules of procedure prevailing in this Commonwealth.
>
> "Trials upon appeals to the circuit court from orders and judgments of the county court shall be *de novo*, and the same shall be tried and judgment rendered and executed as though the proceedings had been originally commenced in the circuit court." (Ky. Statutes, 2380b-1, C. & D.).

The act contains no provision as to a motion for a new trial, so in this matter the rules of the Civil Code of Practice control. By section 1 of the Code "Civil cases are actions or special proceedings." By section 2 "A civil action is a demand, by pleadings, in a court of justice, for the enforcement of an alleged right of a plaintiff against a defendant." By section 3 "Every other civil case is a special proceeding." By section 6 "Actions of which courts of chancery had jurisdiction before the first day of August, 1851," are equitable and "All other actions must be ordinary." This action is a demand by pleadings in a court of justice for the enforcement of a right, and although it is a statutory right and the procedure is regulated by the statute it is none the less an ordinary action within the meaning of the Code. By section 340 "A new trial is a re-examination in the same court of an issue of fact after a verdict by a jury or a decision by the court," and it is provided that "A new trial may be granted on the application of the party aggrieved," for the reasons specified in this section. The purpose of the provision is to give the trial court an op-

portunity to correct any error he may have made before an appeal is prosecuted to this court. Every reason that applies to other ordinary actions heard on the law and facts before the circuit court applies equally to similar cases brought under a statute to enforce a right given by the statute, unless there is something in the statute changing the rule.

A large mass of evidence was introduced here; the trial lasted a day or two and there seems to be no reason why the rule applied in common law actions should not apply in cases like this. The motion to dismiss the appeal is therefore overruled.

No errors of law are relied on for reversal. The only question made on the appeal is that the judgment of the court is not warranted by all the evidence. It is insisted that the circuit court did not give sufficient weight to the viewers' report. The viewers' report is *prima facie* evidence of the facts stated therein, but when exceptions are filed to the report the case is to be determined by the court on all the evidence. Of course, due weight should be given the fact that the viewers went over the property and carefully examined it, but after all the facts are to be decided by the court as other questions of fact. The circuit court saw and heard the witnesses. He was more or less familiar with the situation and clearly his conclusions cannot be disturbed here unless against the weight of the evidence. (Bell v. Wood, 87 Ky. 56; City Nat. Bank v. Wallace, 197 Ky. 823.)

The viewers reported that the cost of construction would be $1,186,000. There were thirty-five thousand (35,000) acres of land in the district, which would make the cost per acre for the construction nearly $35.00. The court found that the cost would be more than double this or at least $70.00 an acre. He also found that if the burden did not exceed the actual increase in value of the lands as a result of the proposed improvement it would devolve upon the owners of the land such an excessive burden of taxation as would render it impossible for many of them to raise the money and pay the amount assessed against their land and their land would have to be sold to pay the assessments against them. After carefully reading the record we cannot say that these findings of the court are against the evidence. On the contrary, while the evidence is conflicting as to the amount that the improvement will cost, we think the

great weight of the evidence sustains the conclusion that the proposed improvement would devolve on the owners of the land an excessive burden of taxation and that the court properly dismissed the petition.

The judgment is affirmed.