## Wells v. West et al.

(Decided December 4, 1928.)

(As Modified, on Denial of Rehearing, April 16, 1929.)

HUBERT MEREDITH for appellant.

BELCHER & BELCHER for appellees.

Opinion of the Court by Judge Willis—Affirming.

J. H. West and 11 associates filed a petition in the Muhlenberg county court to establish a drainage district in the Long Creek valley. The procedure prescribed by statute (section 2380b1 et seq., Kentucky Statutes; Act March 26, 1918) was carefully pursued. Mrs. R. A. Wells, one of the landowners affected, filed exceptions, which were heard and overruled, and the district was established. An appeal to the circuit court was taken, and another hearing had, which resulted in a like judgment. Mrs. Wells now appeals to this court, insisting (1) that so much of section 2380b9 of the Kentucky Statutes as cuts down the defenses of landowners objecting to the establishment of a drainage district to a mere "denial of the facts stated in the petition and in the report of the viewers" violates the state and federal Constitutions: (2) that no district should be established which would impose upon landowners a confiscatory assessment, or excessive burden of taxation; (3) that the court erred in denying appellant's motion to dismiss the petition on the face of the papers; and (4) that error was committed by the trial court in excluding or disregarding evidence offered by the appellant. We will consider the contentions in the order stated.

1. The validity of drainage laws of the character here involved is no longer debatable. Carter v. Griffith, 179 Ky. 164, 200 S. W. 369; Head v. Amoskeag Mfg. Co., 113 U. S. 9, 5 S. Ct. 441, 28 L. Ed. 889; Otis Co. v. Ludlow Mfg. Co., 201 U. S. 151, 26 S. Ct. 353, 50 L. Ed. 705; Mittman v. Farmer, 162 Iowa, 364, 142 N. W. 991, Ann. Cas. 1915C, 1 (annotation). But a special vice is thought to reside in the present Kentucky act from the fact that restrictions are placed upon the defenses that may be made to an original application for the establishment of a drainage district. It is proper for the Legislature to provide the procedure in such matters. It is distinctly a subject for the exercise of legislative power. Under our statute two distinct proceedings are contemplated, and should be kept separate throughout. The first proceeding is to establish the district, and it involves only a limited inquiry. It was meant to be kept within its scope, and an appeal to this court is allowed. The present appeal is on the preliminary proceeding, and involves nothing that may arise in the later one. The other step is for the arrangement and execution of the details

needed to perfect the improvement after the district has been established. The meaning and character of the existing law is explained, and its validity sustained, in the case of Handley v. Graham, 187 Ky. 316, 219 S. W. 417, to which nothing need be superadded.

Reliance is rested upon the case of Maguiar v. Henry, 84 Ky. 1, 4 Am. St. Rep. 182. The action there reviewed was instituted to recover land that had been conveyed by the auditor to a purchaser at a tax sale. The statute involved undertook, in such actions, to cut off all defenses of the landowners except in five specified particulars. The act was held unconstitutional, because it forever denied defenses constituting vested rights. Clearly the case is not in point here. Neither property nor defenses are proposed to be taken from appellant. The present proceeding is only for the purpose of creating a drainage district within a fixed territory, to perform a definite public function in the future. In proceedings to determine the necessity or propriety of beginning the improvement, it is for the Legislature to say what steps shall be taken, and the terms on which and the extent to which resistance may be interposed. After a district is in being, and is proceeding to institute an improvement, other questions may arise; but at such time the owner of land may interpose his objections to any particular plan proposed, and the incidence of its operation as against his property. His constitutional rights are fully protected by permitting appropriate defenses to be made at the stage of the proceedings when the action comes in direct contact with his property rights. Due process of law is not denied, if sufficient notice is given and adequate opportunity afforded for defense. The procedure may be adapted to the exigencies of the case, if due process of law is not denied. Davidson v. New Orleans, 96 U. S. 97, 24 L. Ed. 616; Ballard v. Hunter, 204 U. S. 241, 27 S. Ct. 261, 51 L. Ed. 461; L. & N. R. R. Co. v. Schmidt, 177 U. S. 230, 20 S. Ct. 620, 44 L. Ed. 747; Wurts v. Hoagland, 114 U. S. 606, 5 S. Ct. 1086, 29 L. Ed. 229; Simon v. Craft, 182 U. S. 427, 21 S. Ct. 836, 45 L. Ed. 1165. We are satisfied, both upon principle and authority, that the act in question does not infringe either the state or national Constitution.

2. The next contention is that the proposed improvement would devolve upon the owners of land in the district an excessive burden of taxation, and result in practical confiscation of their property. Obviously the

question thus broadly stated does not arise in the preliminary proceeding to establish the district. No tax is levied until that proceeding is finished. The amount or apportionment of it could not be determined until the engineering problems had been solved, and definite plans and specifications formulated. Further steps must necessarily follow. A definite and practical plan must be devised to meet the conditions confronting the district. The attack now made is leveled against a situation purely hypothetical. The actual one may be widely different in details, difficulties, and extent. It is impossible to say now with any degree of assurance what will be done after the district is created and enters upon the performance of its functions. When the next step under the statute is taken, the landowners affected are provided with opportunities to be heard on all questions and with the final right of appeal to this court. Indeed, when the improvement is nearer realization, objections to it may vanish. The case of Board of Drainage Commissioners v. Illinois Central Railroad Co., 202 Ky. 735, 261 S. W. 236, does not compel a contrary conclusion. In that case the court said:

> "No errors of law are relied on for reversal. The only question made on the appeal is that the judgment of the court is not warranted by all the evidence."

The action of the lower court in that case was upheld on the ground that it constituted a finding of fact, which was not against the weight of the evidence. We have examined the record in that case, and find that no question of procedure was raised, suggested, or decided. The ultimate question on which the case turned was recognized by both parties as properly presented, and was decided by the court on the merits.

Appellees here quite properly followed the steps outlined by the statutes as construed by this court in Handley v. Graham, 187 Ky. 316, 219 S. W. 417. The court was not authorized to dismiss this action to establish a district, because of the apprehension of some that the district to be created might try to impose illegal or unreasonable burdens on their lands. It must be presumed that the board in control of the district will act within its authority. If it does not do so, ample remedy against any abuse of power is available. The district board is restrained by the very act of its creation, as well as by the

Constitution, from imposing excessive taxation or confiscatory burdens on the property intended to be benefited by the improvement.

But it is urged that exceptions allowed the landowner after the first proceeding is concluded and the second step is being taken are limited to a comparison of the reasonableness of the proposed assessment against his land with those against the other lands. The contention is wholly without basis and the landowner is not subject to any such restriction. After the report of the appraisers has been filed in the second proceeding, and the parties affected thereby properly notified, the statute provides:

> "All persons who are shown by the report of the board of appraisers to own or control land or other property within or without said drainage, levee or reclamation district, which as shown by said report, will be assessed, benefited, injured or damaged, including railroads, municipal corporations, and public officials controlling streets and public highways, shall have until and including the first day of the term of court at which said report is set for a hearing, to file exceptions to such report, but shall not thereafter be allowed to do so. All exceptions to said report shall be heard and tried by the court, on the day the proceeding is set for hearing pursuant to the preceding notice, unless further time be required to complete such trial or hearing. The trial of the exceptions to said report shall be by the court, except in cases where land is to be condemned and taken for right of way or other purposes, same shall be by a jury as provided by general laws in the condemnation of land for railroad purposes." Section 2380b17, Ky. Stats.

It will be seen that no restriction whatever is placed upon the exceptions which the landowners are authorized to file. Section 2380b18 immediately follows, and provides for a jury trial for the ascertainment of damages for lands taken, and the court is expressly empowered to hear and determine "all exceptions to the assessment of benefits and classification of lands, and to determine the correctness of the classification and assessment of benefits to each tract of land or other property involved." The statute further directs the court to approve and confirm the report of the board of appraisers as to the class-

ification and assessment of benefits if it appears to the court, after having heard and determined all exceptions, that the estimated cost of construction of the proposed improvement contemplated in the plan for reclamation is less than the benefits properly assessed against the land and other property in said district. At this point in the progress of the case any question of spoliation, confiscation, inadequate benefits, excessive assessment, or other legal or constitutional objection, which may be presented by a proper exception, must be heard and decided. The decision thereon is subject to review by this court. The only limitation on the questions reviewable is that it must first be presented to the circuit court by appropriate exceptions to the report of the board of appraisers. Section 2380b18, Ky. Stats.

The questions decided in the case of Board of Drainage Commissioners v. Illinois Central R. Co., 202 Ky. 735, 261 S. W. 236, properly arise at this point, and if there be an exception to the effect that the execution of the proposed improvement would devolve upon the owners of the land an excessive and prohibitive assessment, or that the cost thereof would exceed the benefits naturally flowing from the improvement, or that the plan is impracticable or otherwise improper, the court must decide the question and the decision thereon is subject to review here. This is plainly provided in the statute and was clearly pointed out by the opinion of this court in Handley v. Graham, 187 Ky. 316, 219 S. W. 417. The Constitution of this state and the Constitution of the United States both forbid the taking of private property for public use without just compensation, and when a proposed assessment for a public improvement results in spoliation, or when the benefits are less than the burdens, the court will forbid the improvement or the enforcement of the assessments. City of Louisville v. Bitzer, 115 Ky. 359, 73 S. W. 1115, 24 Ky. Law Rep. 2263, 61 L. R. A. 434; City of Louisville v. Benedict, 147 Ky. 391, 144 S. W. 43; City of Bardwell v. Gardner, 152 Ky. 111, 153 S. W. 9. Cf. Chesapeake & Ohio R. Co. v. Com., 190 Ky. 552, 228 S. W. 15.

These constitutional limitations rest upon the courts and the Legislature as well, and the statutes must be construed and enforced with deference to the supreme law. When the total value of the property assessed, after the improvement is made, is less or no more than the cost of the improvement, a case of spoliation is made out, and

the duty of the court is plain. In other cases, where the question of benefits and value are in doubt, the court is not absolved from its duty, but must determine from the evidence the extent to which assessment may be allowed. Deference is due the judgment of the legislative bodies and the administrative boards, but the assessments must be limited to correspond with the benefits received. The questions of fact as to value and benefits must be determined from the evidence, but the constitutional limitations must be respected.

A provision now appears in section 18 of the act to the effect that, "if the owners of seventy-five per cent. of the land embraced in the said district, or any part thereof which is practically separated from other portions of the district, file a petition in the court in which the proceeding is pending, stating that they desire to abandon the proposed improvement, the court shall dismiss the proceeding at the cost of the landowners." Act March 26, 1918, c. 64, p. 192, sec. 18, as amended by Act Feb. 3, 1922, c. 2, p. 23. Cf. Edrington v. Payne, 225 Ky. 86, 7 S. W. (2d) 827. The remedy thus allowed the landowners collectively does not impair the right of any individual landowner to present any proper exception which the facts may warrant on any ground available to him under the Constitution or statute. That provision is in addition to the specific right to file exceptions conferred upon every person affected by the proposed improvement, and not in derogation thereof. The court may not approve or confirm a report of the appraisers until all exceptions shall have been determined adversely to the landowners affected, and then a right of review by this court still remains. We are satisfied that ample provision is made by the statutes, and that adequate power resides in the courts, to protect the rights of every person affected by the proceeding.

3. The motion to dismiss the action on the face of the papers was predicated upon affirmative matter, contained in the exceptions of appellant, which was not met by the petitioners. An analogy is sought to be deduced from the procedureal rule by which a party is entitled to judgment if an undenied affirmative pleading authorizes it. The analogy is not apt or applicable. This was a statutory proceeding, and the only exceptions allowed were confined by the statute itself "to a denial of facts alleged in the petition, or facts stated in the report of the viewers." Section 2380b9, Kentucky Statutes. It was,

therefore, unnecessary for the petitioners to respond to exceptions that went beyond the authority of the statute, and the court was compelled to disregard defenses sought to be interposed outside the limits of the law. In so far as a pleading is unauthorized, the facts presented by it do not afford a proper predicate for judgment and may be disregarded, although not denied. Spiess' Adm'x v. Bartley, 130 Ky. 277, 113 S. W. 127.

4. It is argued, however, that the matter affirmatively pleaded on behalf of the appellant was provable under the specific exceptions authorized by the statute to be filed, and, even though inadmissible as affirmative matter in exceptions, it was nevertheless competent as evidence, to reject which was reversible error. The test by which to determine the propriety of excluding evidence is its relevancy to issues involved in the case. The issues to be tried in proceedings of this character and at the stage reached are limited, and "made to depend upon whether the proposed improvement (1) will result in public benefit or utility; (2) will promote the public health, convenience, or welfare; or (3) will benefit the lands to be included in the district." Handley v. Graham, 187 Ky. 316, 219 S. W. 417. The rejected evidence did not relate to any essential ingredient of the issues thus defined as triable in this proceeding. It concerned the probable cost of a supposititious improvement not definitely determined or understood, and intended to show that such an improvement would impose an unreasonable burden on the appellant's property considering its value. Such evidence was not competent on any issue presented in this particular proceeding, and was properly disallowed, Handley v. Graham, supra; Carter v. Griffith, 179 Ky. 164, 200 S. W. 369.

It is tacitly, if not expressly, conceded that the proceedings taken in this case conformed to the literal requirements of the statute. Such being the fact, and the weight of the evidence supporting the finding of the court, it follows that no error was committed in establishing the drainage district requested by the petitioners.

The questions sought to be raised in this case and not decided are not precluded by the present judgment, but may be presented appropriately in any subsequent proceedings that may be taken.

The judgment is affirmed.