## Illinois Central Railroad Company, et al. v. McAdoo, et al.

(Decided March 13, 1923.)

### Appeal from Graves Circuit Court.

Drains—Appeal by Railroad From Overruling of Demurrers to Petition for District Held Taken in Time.—Where two railroad companies were not brought before the court in proceedings for the establishment of a drainage district, but they appeared in such proceedings two years after the institution thereof and demurred to the petition, an appeal, taken from the order overruling their demurrer within 10 days after it was entered, was taken in time, so that it was error for the circuit court to dismiss the appeal.

ROBBINS & ROBBINS, TRABUE, DOOLAN, HELM & HELM and R. V. FLETCHER for appellants.

W. MIKE OLIVER and F. B. MARTIN for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

On June 14, 1918, W. W. McAdoo and others instituted a proceeding in the Graves county court to establish a drainage district in that county. Several months later the proceeding was transferred and ordered to be carried on under the provisions of the act of 1918. While numerous landowners were made parties, it does not appear that the Illinois Central Railroad Company and the Chicago, St. Louis & New Orleans Railroad Company, whose interests were affected by the establishment of the ditch, were brought before the court. However, the two railroad companies appeared in the proceeding for the first time on November 22, 1920, and filed general and special demurrers to the petition. On November 27, 1920, an order was entered overruling the demurrers and establishing the district. The railroads excepted to the order and were granted an appeal, which they prosecuted to the circuit court within ten days from the rendition of the judgment. On motion of the petitioners the appeal was dismissed, and from that order this appeal is prosecuted.

As the railroad companies were not before the court until they filed their demurrers, and as the appeal was taken within ten days from the rendition of the judgment overruling the demurrers and establishing the

drainage district, it results that the appeal was prosecuted in time, and that being true, the court should not have dismissed the appeal, but should have taken jurisdiction and have passed on the questions raised by the demurrers.

Judgment reversed and cause remanded for proceedings consistent with this opinion.