# Board of Drainage Commissioners of Graves County v. Chicago, St. Louis & New Orleans Railroad Company, et al.

(Decided December 19, 1924.)

## Appeal from Graves Circuit Court.

1.  Drains—Property Subject to Assessment May Lie Within More than One Drainage District.—That property assessed for benefits by one drainage district lies within boundaries of another district is no valid objection to assessment, since drainage districts may overlap.

2.  Drains—Assessment of Benefits by Appraisers Operates to Include Assessed Land Within Drainage District.—Kentucky Statutes, sections 2380b-14, 2380b-16, 2380b-17, 2380b-18, 2380b-20, provide for changes in drainage district after establishment, and assessment by board of appraisers of property not originally included operates to include such lands within district.

3.  Drains—Presumption Indulged on. Appeal that Facts Supported Judgment.—On appeal from judgment releasing railroad company from assessment for drain and reducing assessment to county for benefit to roads, where evidence admissible only on that theory was received, it will be presumed on appeal that levees carrying roads and railroads had been there for such length of time that appellees had a right to maintain them and hence needed no drainage.

W. MIKE OLIVER, F. B. MARTIN and HOUSTON BROOKS for appellant.

ROBBINS & ROBBINS for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

This litigation grew out of an order establishing Mayfield Creek Drainage District No. 2 in Graves county, Kentucky. A branch of this case has been here, see 198 Ky. 247. By the judgment appealed from, the I. C. R. R. Co. and the Chicago, St. Louis & New Orleans R. R. Co. were entirely released from the assessment of $3,000.00 made against their property for the construction of a proposed ditch, and Graves county, which had been assessed about $16,000.00 for benefits to its public roads was by judgment of the court below relieved of all of this assessment, except $1,000.00. The only question before this court on this appeal is the correctness of the judgment of the lower court in making these changes in these assessments.

By this drainage project, it is proposed to improve the drainage of the valleys of Mayfield creek, Stafford creek and Adams creek, the last two mentioned being small tributaries of Mayfield creek.

The Chicago, St. Louis & New Orleans R. R. Co. owns a railroad in the valleys of these creeks, and this railroad has been leased to the I. C. R. R. Co. for the purpose of operation. It crosses the valley of each of these creeks, and Graves county has many roads that will be affected by this drainage.

The valley of Mayfield creek is crossed by the Mayfield & Benton road, the Keys Bottom road, the Hickory and West Plains road, the Stafford creek road and the Viola road. The valley of Stafford creek is crossed by the Stafford creek road and the Paducah & Memphis highway. The last named highway also crosses the valley of Adams creek.

The court, upon motion, separated its findings of law and facts. The trial court appears to have regarded all property embraced in Mayfield Creek Drainage District No. 1 as necessarily outside of Mayfield Creek Drainage District No. 2. With this we cannot agree. Drainage districts may overlap each other. Property may lie within two different drainage districts. Horn v. Adams, 184 Ky. 424, 212 S. W. 108. The trial court found as a matter of law that no right existed in the board of appraisers to assess the railroad companies for benefits to any of its property that lay without the drainage district as theretofore established, and appears to have concluded for that reason that no assessment could be made against any of the railroad property north of Viola. In so doing, the trial court overlooked the provisions of subsections 14, 16, 17, 18 and 20 of section 2380b. Clearly these subsections provide for changes in the drainage district after its establishment as provided for in the first ten subsections of section 2380b. Evidently the legislature intended to and did authorize the board of appraisers to add to the district as established by the board of viewers property theretofore outside the district; hence the property of the railroad companies which the court found as a matter of law could not be assessed for benefits because without the district, had been by the action of the board of appraisers included within the district.

Our failure to agree with the trial court in these matters, however, does not render it necessary to reverse the judgment. Upon the issues made as to the benefits received, there is great conflict in the evidence. It appears that the railroad track is constructed across these valleys upon a levee or fill, from three to six feet in height, and that the county roads across these valleys have been leveed so that they are much above the level of the adjoining land.

From the evidence it appears that after heavy rainfalls, not only these creeks themselves but the adjacent lowlands of the valleys serve as watercourses, and that these valleys are filled with water, all flowing along down the valley in the same general course as these creeks.

By the construction of these levees whereon the railroad companies have their railway, and Graves county has its highways, obstructions to the natural flow of the water have been created in these valleys, and an artificial situation exists, which is different from the situation which formerly and naturally existed in these valleys. If these levees or fills are of recent creation, then the witnesses should not have been allowed to testify that in view of the way the roads have been built up they are now above high water, and in no need of drainage; but there is nothing in the record to show when these levees were erected, and the witnesses all testified about the matter as though the levees had been there for some time.

The position of appellees seems to be this: They have, by the construction of these levees, placed their property above reach of the water, and therefore, they are not interested in the drainage of the valleys, and insist they should not be taxed even though the levees erected by them in so doing, have obstructed the flow of the water in the valleys.

These levees may have been there such a length of time that the appellees have a right to maintain them. It will be presumed on this appeal that they have been, and if true, then we are unable to say that the lower court's finding of facts is not supported by the evidence.

A very similar question was presented to this court in the case of Board of Drainage Commissioners of Ballard County, et al. v. I. C. R. R. Co., et al., 202 Ky. 735, 261 S. W. 236. In that case the court said:

"It is insisted that the circuit court did not give sufficient weight to the viewers' report. The view-

ers' report is *prima facie* evidence of the facts stated therein, but when exceptions are filed to the report the case is to be determined by the court on all the evidence. Of course, due weight should be given to the fact that the viewers went over the property and carefully examined it, but after all, the facts are to be decided by the court as other questions of fact. The circuit court saw and heard the witnesses. He was more or less familiar with the situation, and clearly his conclusions cannot be disturbed here unless against the weight of the evidence.'

For the reasons so ably given there, and which apply in this case, this judgment must be affirmed.