## Byron, et al. v. Mayfield Creek Drainage District, et al.

(Decided December 19, 1924.)

### Appeal from Graves Circuit Court.

1. Injunction—Issuance of District Bonds Cannot be Restrained by Injunction on Grounds Raised by Exception of Other Landowners to Viewers' Report.—Where all landowners interested in organization of drainage district, commenced under Acts 1912, chapter 132, section 2 (Kentucky Statutes, section 2380), and continued under Acts 1918, chapter 64, were before the court, plaintiffs, who filed no objections to original report of board of viewers, could not prosecute injunction to restrain issuance of bonds on same grounds urged by other landowners who filed exceptions in proceedings, but took no appeal from judgment.

2. Drains—Exceptions Made by Any Landowner and no Appeal Taken from Judgment Overruling them Renders Judgment Conclusive as to All.—Exceptions filed by any landowner to report of board of viewers, in organization of drainage district, held available to all, and, where no appeal was prosecuted from judgment overruling such exceptions, it is conclusive on all.

3. Injunction—Petitioners Not Being Entitled to Control Proceedings of County Judge, his Delay is no Ground for Restraining Issuance of Bonds.—In organization of drainage district, under Acts 1912, chapter 132, section 2 (Kentucky Statutes, section 2380), petitioners are only required to file petition containing essential allegations, and to execute required bond, and they have no control of county judge's performance of duty, so his delay of two years in appointing board of viewers is no valid ground for injunction to restrain issuance of district bonds.

4. Drains—Proceedings for Organization of District Under 1912 Act Properly Transferred and Continued Under 1918 Act.—A proceeding for organization of drainage district under Acts 1912, chapter 132, section 2 (Kentucky Statutes, section 2380), was properly transferred and continued under Acts 1918, chapter 64, under authority of section 54 of such act.

5. Injunction—Remedies by Appeal Complete and Adequate, and Landowners Cannot Enjoin Issuance of District Bonds.—The remedies by appeals, provided by Acts 1912, chapter 132 (Kentucky Statutes, section 2380), and by Acts 1918, chapter 64, to owners objecting to proceedings for organization of drainage district, held complete and adequate, and, not having been availed of, injunction will not lie to restrain issuance of district bonds.

SETH T. BOAZ for appellants.

W. MIKE OLIVER and F. B. MARTIN for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

A demurrer was sustained to appellants' petition in the lower court. This is an action commenced in the Graves circuit court by appellants by which they seek to perpetually enjoin the board of drainage commissioners of Graves county, Kentucky, and the secretary of said board from issuing bonds on behalf of the Mayfield Creek Drainage District in Graves county, Kentucky, and to enjoin Ed. Gardner, treasurer of the board, from selling an issue of bonds to raise money to pay for constructing a drainage ditch from Mayfield, Kentucky, to Boaz station in the same county, which drainage district has heretofore by appropriate proceedings, been established and incorporated into a body corporate as a drainage district by orders and judgment of the Graves county court, and has proceeded to the point where all benefits to the lands, and other property, and the value of all lands to be taken for the right of way, and all damages to adjacent lands have been appraised and the report of the board of appraisers filed and confirmed by the court, and the contract awarded for the construction of the improvements according to the plans for reclamation, which has also been approved and confirmed by the court.

This is an independent action seeking to enjoin the officers in charge of the Mayfield Creek Drainage District from performing their duty under the law, as directed by the judgment and decree of court establishing the district.

Appellants attempt in this independent action to nullify all that has been done by the court in establishment and organization of said Mayfield Creek Drainage District, and ground their suit on the following alleged facts:

First, because the original petition was not signed by twenty-five per cent of the landowners, nor by the owners of twenty-five per cent of the lands in the territory sought to be incorporated into said district.

Second, because the court delayed the appointment of a board of viewers for a period of two years after the *ex parte* petition was filed and the bond for costs was executed.

Third, because the court by the judgment establishing the Mayfield Creek Drainage District, did not embrace all the territory sought by the petitioners to have been incorporated into the district, but established a district restricted to only a part of said territory, which eliminated portions of the territory described in the petition from the drainage district as same was established.

There is no contention that the appellants or any landowner for or on whose behalf they seek relief was not before the court. The record conclusively establishes the fact that appellants and every person owning land in the district were properly and legally before the court. Neither of the appellants filed any exceptions whatever to the original report of the board of viewers. However, numerous landowners did file exceptions, and the record in the proceedings show that the identical questions now attempted to be raised by the appellants were raised by certain of the exceptors to the original report of the board of viewers in the Graves county court, in which court the proceeding was commenced. On a trial of these exceptions in the county court, they were overruled. No appeal was prosecuted to the Graves circuit court from the judgment overruling these exceptions, by the exceptors in their own right nor by any other landowner who might have done so. Although appellants did not personally file any exceptions to the original report of the board of viewers, such exceptions when filed by one landowner raising any one jurisdictional question inured to the benefit of every landowner who desired to take advantage of such issue, and any one being a party to the proceeding, could have prosecuted an appeal from the judgment overruling such exceptions.

They did not prosecute any appeal, but as did all other landowners, they acquiesced in the decision and judgment of the Graves county court, and by their failure to prosecute an appeal therefrom, they are concluded by that judgment.

The statute under which the proceedings were had, whereby the Mayfield Creek Drainage District was established, provided for an appeal from the judgment of the court establishing the district to any landowner considering himself aggrieved. Any one having failed to avail himself of the remedy by appeal, is deprived of any other remedy.

As stated by appellants in their brief, the proceeding to establish the Mayfield Creek Drainage District was commenced by only seven landowners on June 14, 1918. The only law relating to drainage then in effect was chapter 132, Acts of 1912. That law did not then require a petition to be signed by twenty-five per cent of the landowners nor by the owners of twenty-five per cent of the land in the territory sought to be organized as a drainage district. It simply provided that one or more landowners could commence the proceeding by filing a petition with the clerk of the county court, containing certain allegations, and executing a bond to be approved by the clerk. Section 2, chapter 132, Acts of 1912, subsection 2, section 2380, Kentucky Statutes.

By the provisions of this section, the only thing the petitioners are required to do, or can do to set the judicial machinery in motion to establish a drainage district, is to file a petition containing the allegations made essential by that section of the statutes, with the clerk of the county court, and execute bond as required. When the petitioners have done this, it becomes the duty of the county judge to act and to appoint a board of viewers. The petitioners cannot control the county judge as to how or when he will perform his duty, but the failure of the county judge to act promptly can in nowise affect the rights of the petitioners.

It is conceded that in actions generally, where there are plaintiffs and defendants, or where any character of process is required to be issued by the clerk, such action is not in legal contemplation commenced, until process is issued and in good faith placed in the hands of an officer to be executed, or a warning order made, if the adverse party be a nonresident, but such rule has no ap-

plication to a proceeding to establish a drainage district under the provisions of chapter 132, Acts of 1912. That act not only contains the substantive law relative to the establishment and organization of a drainage district, but also contains the rules of procedure.

"As this is purely an *ex parte* proceeding, and none of the landowners are affected or intended to be brought before the court until after the viewers have made and filed their report we conclude, etc." Lee v. Phelps, 191 Ky. 219, 230 S. W. 44.

The petitioners could not cause nor require the clerk to issue any sort of process at the time they filed the petition and executed bond, but section 4 of Acts of 1912 provides that after the report of the board of viewers has been filed as provided for in section 3, the clerk shall issue process against all landowners named in both the petition and the viewers' report. This shows conclusively that appellants' contention that it was necessary for the petitioners to do more than file their petition and execute bond as required by section 2 of this act is untenable, and that the rule regarding the issuing of process in other actions has no application whatever in an *ex parte* proceeding to establish a drainage district.

The case of Lee v. Phelps, *supra*, definitely and conclusively shows that the filing of a petition and execution of a bond as required by section 2 of the act referred to above, is the commencement of the *ex parte* proceeding to establish a drainage district under the drainage act of 1912. In that case this court said:

"We have held that a proceeding to establish a drainage district under the 1912 act, may, if commenced before the 1918 act took effect, be prosecuted under the last act and judgment entered accordingly."

Any one of the questions which appellants are now setting up and relying upon as grounds for seeking a perpetual injunction to enjoin the officers from issuing and selling an issue of bonds on behalf of the Mayfield Creek Drainage District in Graves county, Kentucky, could have been raised in the original proceeding to establish the district. Appellants had the right and opportunity to present all of these matters by exceptions and objections or other appropriate pleadings in the

original proceeding. The last paragraph of section 4, Acts of 1912, is as follows:

"All parties properly before the court shall be bound by the judgment of the court, whether they filed exceptions or not, and shall not thereafter be heard as to any question raised, or which could or might have been raised, by any party in interest up to that time, subject, however, to the right of appeal as provided for in the next succeeding section."

As appellants said in their petition, the proceeding to establish the Mayfield Creek Drainage District, which was commenced under the provisions of the 1912 act, was afterwards, on motion of the seven petitioners, by proper orders of the court, transferred to the operation of the provisions of chapter 64, Acts of 1918, and thereafter prosecuted under the provisions of that act.

Authority for transferring such proceeding from the provisions and operation of the act of 1912 to the provisions and operation of chapter 64, Acts of 1918, is found in section 54 of the act of 1918, as construed by this court in the case of Board of Drainage Commissioners of Mc-Cracken Co., Ky. v. Lang, 187 Ky. 123, 218 S. W. 736; Handley v. Graham, 187 Ky. 316, 219 S. W. 417; Lee v. Phelps, *supra.*

By section 9, chapter 64, Acts of 1918, all landowners are given the right to file objections or exceptions to the viewers' report, showing reasons why the district should not be established and are given the right of appeal from the judgment of the court on such objections and exceptions. Section 10 of that act provides that all persons who are before the court, shall be bound by the judgment of the court whether they filed exceptions or not, and shall not thereafter be heard on any question raised, or that could have been raised by any party interested up to that time, subject, however, to the right to appeal by any person feeling himself aggrieved.

By this act the landowners are given the right to file objections and exceptions a second time, to the report of the board of appraisers as provided by section 17 of that act and by section 18, the right of appeal is again given all landowners who feel themselves aggrieved by the judgment of the court rendered at this time, but no person is then allowed to raise any question which he did not raise in the trial court. Up to this stage of the

proceeding to establish a drainage district, any land-owner could rely upon any objections or exceptions filed by any other landowner, but at this juncture, the judgment of the court fixing the amount of benefits or damages to each tract of land becomes a several and not a joint judgment, applicable to each separate tract of land.

The next step is the preparation and filing in the office of the clerk, of what is designated as the "drainage assessment record," notice of which must be given to all landowners, and again the landowners are given the right to file exceptions to the "drainage assessment record" and entitled to a trial before the court on such exceptions. This is the third time the landowner has a right to be heard. Section 23, Act 1918. The order of the court on the trial of such exceptions is the final order, and by section 1 of said act, the right of appeal is granted from any final order or judgment of the circuit court, concerning the provisions of said act to the Court of Appeals. Subsection B, subsection G, section 1, Act 1918.

When the assessment record is finally corrected and approved by the court, same becomes final and conclusive upon all lands and other property and no question shall thereafter be permitted to be raised by any person at any time, but the same shall become final and conclusive upon all persons whomsoever. We refer to these provisions for the purpose of showing that appellants Byron and Pryor, by the provisions of chapter 64, Acts of 1918, under which the proceeding to organize the Mayfield Creek Drainage District is being prosecuted, are afforded a remedy by that act, and given opportunity to raise every question that could possibly be raised for the protection of their rights, and the rights of all landowners in that district, and to have every such question adjudicated in the original proceeding in the Graves circuit court, with the right of appeal to this court from all final orders and judgments in that proceeding affecting their rights. It is apparent from section 1 of that act, that it was the intention of the legislature to require all persons to raise, in the pending proceeding to establish and organize a district, all questions which they desire to raise, and to provide that the remedy afforded for obtaining a judicial determination of all questions affecting the rights of all parties were to be had in such *ex parte* proceeding, and which remedies so provided for were exclusive of all other remedies afforded by gen-

eral laws. The principle of law that an injunction will not be granted where the litigant has an adequate remedy to obtain relief by other legal means is too well established to require more than a mention of the rule.

An appeal was prosecuted by the I. C. R. R. Co., et al., from the judgment in the case of I. C. R. R. Co., et al. v. McAdoo, et al., 198 Ky. 247, 248 S. W. 520. When that proceeding was in this court on appeal by one party in interest, every landowner in the district was before this court, and could have raised every question in this court on that appeal that had been by any landowner raised in the trial court, by special or general demurrer, objections, exceptions, or other pleadings. This included appellants Byron and Pryor, and their failure to raise such questions in this court on that appeal when they might and should have done so, precludes them from attempting to do so now in the original proceeding, much less in an independent action for an injunction.

The judgment is affirmed.