EDWARD HALL and ORLANDO LEWIS, Respondents, *v.* MORGAN AUGSBURY et al., Appellants.

Where the parties maintaining and using a dam upon a stream below plaintiff's dam, had for more than twenty years used flush boards upon their dam, more or less, at different seasons of the year, which were so far removed when they materially interfered with plaintiff's mill by flowing back water upon his wheel, and when complaint was made, as to satisfy the demand, but were not entirely removed, one board being almost, if not quite universally left on after complaint, without further objection.

*Held*, that the proprietors of the lower dam had acquired a prescriptive right to place and use flush boards thereon to a height, that would not materially obstruct the action of plaintiff's mill wheels. The right to be measured and limited only by its non-injury to the use of plaintiff's mill.

(Argued November 29th, 1871; decided December 12th, 1871.)

APPEAL from judgment of the General Term of the Supreme Court in the seventh judicial district, affirming a judgment in favor of plaintiff, entered upon the report of a referee.

The action is brought to restrain defendants, from placing flush boards upon a dam known as the prison dam across the Owasco river, which plaintiffs alleged set back water upon their premises above.

The plaintiffs are the owners and occupants of a flouring and grist mill on the Owasco river, in the city of Auburn, which mill was erected in 1865.

The defendant, Morgan Augsbury, was the agent and warden of the Auburn prison, and the other defendants are contractors in the prison, entitled to the use of all the water power belonging thereto.

The plaintiffs' dam crosses the river above Genesee street. The prison dam crosses the river at the prison and below State street, and is the next dam below that of the plaintiffs. The defendants had placed and kept flush boards upon the prison dam, and thereby flowed the water back upon the plaintiffs' premises and upon the wheels of their mill.

About the 10th of May, 1867, the flush boards were swept off by a flood, and this action was commenced.

The further facts pertinent to the points discussed and decided appear in the opinion.

*C. B. Sedgwick*, for appellants. If Augsbury, as a State officer, is in charge of the prison and dam, a single judge or referee had no power to grant injunction. (Laws of 1851, chap. 488, § 182; Code, § 219, note 6, 9th ed.; Citing several cases; *How* v. *Searing*, 11 Abbott, 28; Same case, 6 Bosworth, 584; see statute in relation to State prisons; 1 R. S. Edmonds' ed., 214; 2 R. S., Edmonds' ed., 786, 789, 797.) A right to use flush board may be acquired by prescription, although not kept up continuously. (*Marcly* v. *Shultz*, 29 N. Y., 346; Washburn on Easements, chap. 3, §§ 3-46; 5 Metcalf, 257; Angell on Watercourses, § 224; 16 Pickering, 241.) Defendants did not forfeit any actual rights by raising the height of flush board beyond it. (Washburne on Easements, chap. 3, §§ 3-46; *Goodrich* v. *Burbank*, 97 Mass., 22; *Bruce* v. *Yale*, id., 18.)

*D. Wright*, for respondents. Neither the State nor defendants have acquired title, by prescription, to use flush boards. (*Flora* v. *Carbeau*, 38 N. Y., 111.) Plaintiffs are entitled to a perpetual injunction, restraining and enjoining defendants. (*Corning & Winslow* v. *The Troy Iron and Nail Factory*, 39 Barb., 311; 34 Barb., 492; 40 N. Y., 191.)

PECKHAM, J. This suit was properly instituted in equity to settle the rights of the parties in the use of the water in the Owasco river; and the judgment therein is, in the main, sustained by the findings and by the law. Yet manifest,

injustice is done to the defendants, or to the State, if they represent the State in one respect. The judgment perpetually enjoins the defendants from putting, or allowing to be put, " any flush boards or fixture of any kind whatever upon the dam which crosses the Owasco river below State street bridge, in the city of Auburn, called the State prison dam; and from in any-wise, obstructing the free flow of the water of said river over said dam."

This absolute prohibition against putting on any flush boards at any time, is warranted neither by the facts found nor by the evidence.

The evidence shows the use of flush boards, more or less, at different seasons of the year, ever since the State dam has been built. But they were always removed when they materially interfered with the use of the plaintiff's mill, by flowing back the water upon the whole of that mill. They were rarely, if ever, entirely removed by reason of their interference with the plaintiff's enjoyment of his mill. But where complaint was made that the flush boards did cause the wheels of that mill to be overflowed, and thus prevent their proper use, the boards were so far removed as to satisfy the demand, yet almost, if not quite universally, one board was left on after complaint made, without further objection by the proprietors of plaintiff's mill, one board of some ten to twelve inches in width. Its retention there seems to have been satisfactory to the proprietors of the upper mill. It does not appear to have been claimed until after 1850 by the occupants of the State dam, or by the officers or agents of the State at the Auburn State prison, that they had the right to keep flush boards on their dam, if it overflowed the plaintiff's mill wheels to their injury. But there were times in each year when the boards were on without complaint; and it is neither distinctly proved nor found that the complaints ever extended to the removal of the lower flush board.

The complaint was always satisfied where the boards were so far removed, as not materially to interfere with the use of plaintiffs' wheel by back water.

Depriving the lower dam of the use of any flush boards at all seasons of the year, whether to the injury of plaintiff's mill or not, is obviously, from the proof, a serious injury and loss to the proprietors of the lower dam.

In the qualified manner, at the time of year above expressed, the proprietors or occupants of the lower dam, have always maintained one or more flush boards thereon since it was · built, and for more than twenty years, and by this user, have acquired a right to place them there, when not materially detrimental to the use of plaintiff's mill, have acquired the right so to use the waters of that river; a right that cannot be measured by a board of any particular width, for it has not been so used, but to be measured and limited only by its non-injury to the use of plaintiff's mill.

There was never any complaint against the use of flush boards on the lower dam, except so far as they backed the water upon the wheels of the upper dam to their injury. That they have been put on much higher, and been so used to plaintiff's injury, does not forfeit the actual right of defendants. (*Belknap* v. *Trimble*, 3 Paige, 577; *Baldwin* v. *Calkins*, 10 Wend., 169.) Title by prescription is measured by the extent of the possession. (Wash. on Ease't., etc., § 25.) The enjoyment must have been adverse under a claim of right, exclusive and continuous. (Id., § 26, and cases cited in note.) It must be of some thing which one party could have granted to the other. (Id.) But an adverse enjoyment of an easement for twenty years will establish an easement, though the party against whom it is claimed may have suffered no actual damage from such enjoyment, provided it was an invasion of a right. (Id., § 30; *Bol. Man. Co.* v. *Nep. Man. Co.*, 16 Pick., 241.) The party might sue for the injury, and would be entitled at least to nominal damages. (*Parker* v. *Foote*, 19 Wend., 309.) If any flush board was put, or kept on, only by permission of plaintiff, no right by prescription is made out. (*Sumner* v. *Tileston*, 7 Pick., 198.)

Here the defendants, and those under whom they claim, had no right to raise the water by flush boards, or otherwise,

on the plaintiff's premises, higher than it naturally ran, even though such increased height did not back water upon plaintiff's mill wheels, so as materially to obstruct their action.

The plaintiffs had a right to have the water run as it had been accustomed to run, in height and in speed, through their land. (Wash., § 95, and notes and cases cited.) *Non constat*, that the plaintiffs might not wish to use that natural power by other mills, or otherwise.

But the use of that stream by defendants and others every year, by a flush board at different times, to raise the water above its natural height, and up to a level with plaintiff's wheels, but not materially to obstruct them, has been uniformly exercised, never interfered with by plaintiffs, so far as the case shows, though the use was well known to them, and the right so to put on and use a flush board, one or more, was never asked of plaintiffs, nor permission granted to do so.

When the height materially obstructed plaintiff's wheels, then it was conceded on both sides that it should be reduced, but only so low as to satisfy complaint on that ground. This was so prior to 1864, and for over twenty years.

There is nothing in the whole case at war with this position, hence the decree should be so modified as to allow the defendants to continue the use of flush boards at such stages of the water, as they may be used without material injury to plaintiff's mill by back watering the water wheels. If the use of the flush board, where it did not interfere with plaintiff's wheels by overflowing them, caused no damage whatever to plaintiffs, and violated no right for which an action would lie, then the defendants had a clear right so to use the flush boards without any previous grant by prescription, and the judgment is too broad upon that ground.

There is no practical difficulty in executing such a decree. If the defendants violate it, they can be summarily punished. The beneficial interests of all parties are thus preserved.

Judgment thus modified, affirmed without costs to either party in this court.

ALLEN, GROVER, FOLGER and RAPALLO, JJ., concur.

CHURCH, Ch. J., concurs in result, on the ground that plaintiff only asks protection against back water on the wheels of his mill.

Judgment accordingly.