## TOWNSEND V. BISSELL.

*Easement — right of way. Evidence — presumption of adverse user — declarations of privy. Deed — when subject to equities between grantor and third party.*

Where the owners of adjoining lots make a way between them, each setting off an equal portion of land for that purpose, and they and their grantees continue to use it in common as a way for twenty years, the reasonable inference is that such use is under a claim of right, and adverse.

B. who claimed a right of way over the land of D., after D. had contracted to sell the land to S., of which contract B. had actual notice, obtained from D. a conveyance, without consideration of the right of way. *Held*, that unless there was an existing right of way the conveyance from D. to B. was subject to the equities between D. and S.

S. conveyed his right to plaintiff. In an action by plaintiff, in which the right of way was involved, *held*, that declarations of S. concerning the way was competent to prove notice to S. of the claim of B. to such right.

APPEAL by plaintiff from a judgment in favor of defendants entered upon the report of a referee.

The action was brought by George O. Townsend against Robert Bissell and another to have a deed declared invalid as a cloud upon plaintiff's title; to restrain defendant Bissell from interfering with a right of way claimed by him, or doing injury to plaintiff's real estate, and to recover damages for former injury thereto. In November, 1868, Abel Davis, one of the defendants, and Robert Bissell, the other defendant, were the owners of adjoining lots upon High street in Watertown. Previous to that time, and as far back as 1822, the owners of said lots had used in common a lane running between them, which, for a part of the time, was inclosed by a fence on both sides, but was open to the street. During the month first mentioned, Davis contracted in writing to sell his lot to one Sprague. Through several mesne conveyances this contract was transferred to plaintiff, to whom, in June, 1872, Davis conveyed the premises by deed. On the 2d of September, 1869, nearly a year after the contract of sale to Sprague was made, Davis executed a quit-claim deed, for a nominal consideration, to Bissell, of the lane mentioned for a common way.

This deed was recorded September 7, 1869. Bissell at the time knew of the contract of sale to Sprague and plaintiff when he

took the assignment of the contract to sell to Sprague ; knew that Bissell claimed the right to use the lane as a common way. To set aside the deed from Davis to Bissell, and to restrain Bissell from using the part of the lane upon plaintiff's lot, and to recover damages for trespass in removing a fence erected by plaintiff, was the object of this action. For other facts see *Townsend* v. *Bissell*, 5 N. Y. Sup. 583.

*Anson B. Moore,* for appellant.

*D. O'Brien,* for respondents.

Present—MULLIN, P. J., E. DARWIN SMITH and GILBERT, JJ.

GILBERT, J. It is evident, from the testimony and from the fifth finding of fact, that Bissell stands in the position of a volunteer. He paid nothing for the grant from Davis to him, and he had actual notice of the previous sale by Davis to Sprague. Unless, therefore, there was a right of way in the lane, which Davis might confirm by express grant, without violating the rights acquired under the contract with Sprague, the plaintiff's equitable title under that contract should prevail over the prior conveyance to Bissell. Fonbl. Eq., Bk. 1, ch. 5, § 2.

The general principle, on which this doctrine proceeds is, that from the time of the contract for the sale of the land, the vendor holds the legal title as trustee for the vendee, and every subsequent purchaser from either with notice becomes subject to the same equities as the party from whom he purchased would be. *Champion* v. *Brown*, 6 Johns. Ch. 403 ; *Hathaway* v. *Payne*, 34 N. Y. 103. The provision of the Revised Statutes (1 R. S. 756, §§ 1, 38) which avoids against subsequent purchasers' unrecorded instruments, creating interests in real estate, excepts executory contracts for the sale or purchase of lands. The referee finds that the lane in question existed since the year 1822 ; that it was formed by taking one-half of its width from the lots owned by the plaintiff and Bissell respectively, the center line of the same being the division line between the lots ; and that it has been used continuously ever since by the occupants of the lots respectively in common, under a claim of right. None of these facts are disputed, except that the use of the lane by Bissell and his grantors was under

a claim of right. The appellant contends that there is no evidence of such claim. We cannot assent to that. The fact that a part of the lane was taken off from the Bissell lot, and that it furnished the only means of access with wagons to the rear of that lot, and to one side of the house thereon, and the absence of evidence of any act of Bissell or his grantors, showing that the use was not under a claim of right, or that any former owner of the plaintiff's lot had ever disputed the right, together with its continued and uninterrupted use for so long a period, furnishes very satisfactory evidence that the use of it by both parties was under a claim of right. It is very true that mere presumption, unsupported by acts, will not suffice as a muniment of title to an easement in land. On the other hand, where the owners of adjoining lots make a way between them, each setting off an equal portion of land for that purpose, and they and their grantees continue to use it in common as a way for a period of twenty years, we think the reasonable inference is, that such use was under a claim of right, and adverse. *Miller* v. *Garlock*, 8 Barb. 153. It is not necessary to assert such right in words, or by any particular acts or formulæ of conduct, or to show that the exercise of the right did any actual damage to the party against whom it is claimed, provided it was an invasion of his right. Where there has been a use of an easement for twenty years, under such circumstances, it will, in the absence of contradictory or explanatory evidence, authorize the presumption of a grant Washb. on Easm. (3d ed.) 136, *et seq.*, and cases cited; *Hall* v. *Augsbury*, 46 N. Y. 625.

The taking of the deed from Davis by Bissell did not affect the right of the latter. It was merely evidence for the referee to consider in connection with the other evidence in determining the question whether the prior use had been adverse or permissive. *Perrin* v. *Garfield*, 37 Vt. 310. The conversation of Davis with Sprague did not contravene the rule against allowing evidence of the declarations of third persons not parties to the record. It operated only as proof of notice to the plaintiff's assignor of the claim of Bissell in respect to the lane, and on that ground was competent, because the plaintiff can claim no greater rights than Sprague. The evidence was not necessary to establish the defense, for the reason that the lane itself was open and visible, and that fact was sufficient to charge the plaintiff with notice that it might be an easement, even if that evidence was erroneously admitted. Therefore, such

an error would not require a reversal of the judgment. *Vande-voort* v. *Gould*, 36 N. Y. 639.

The judgment should be affirmed, with costs.

*Judgment affirmed.*