Parker, J.
This is an appeal from a judgment of the Franklin circuit court, rendered after a trial before the court without a jury, in which it was decreed that the plaintiff has a right to the free use of so much of the water of said river in the starch season of the year as will flow through a gate or gates, of the capacity of 288 square inches, to be used by him under an effective head upon the wheel or wheels of eleven feet, above the center thereof, and with a total head measuring from the top of the water in the bulkhead to the floor of the wheel-pit of twelve feet, and to have the dam so maintained as to give the head aforesaid total and effective, and that the defendant’s rights are subject to the prior use of said water by the plaintiff, as stated and defined.
By said judgment, it was also decreed that the defendant be forever restrained and enjoined from using or wasting the water of the Chateaugay river, so as to impair or diminish the plaintiff’s use and enjoyment thereof, as defined and set forth in the judgment.
The judgment was originally obtained by William S. Douglas against John Hoy, each of whom died subsequent to the perfecting of the appeal herein, and the present parties, as their personal representatives, were thereafter substituted in the place and stead of the original parties.
From the evidence, it appears that the heirs at law of Lawrence Brainard, deceased, in February, 1814, conveyed to William S. Douglas a piece of land on the west bank of the Chateaugay river, containing about two acres of land. Upon it was a starch factory, the power to operate which being furnished by water supplied from a dam, extending across the river about ten feet above the factory. Subsequently, and in October, 1880, by mesne conveyances from *358 the heirs of Lawrence Brainard, John Hoy obtained title to about two acres, running to the center of said river, and situate opposite the premises conveyed to Douglas, the deed, in addition to the description, granting to Hoy all water privileges, and the right to flow to all boundaries heretofore owned by said Brainard, and all rights of water, except in the starch season, as heretofore deeded to William S. Douglas.
From the time Douglas purchased the starch mill, he operated it down to some time in the year 1881, when he reconstructed the mill, adopting new and improved machinery, and substituting a single water wheel to furnish the power to run such machinery in the place and in the stead of the two water-wheels, theretofore used for that purpose; and it was claimed by the defendant, prior to the commencement of this action, and upon the trial, that by the substitution of one wheel to furnish the power formerly furnished by the two wheels required a greater depth of water above the dam, to secure which the plaintiff made use of flush boards, resulting in increasing the head of water at the dam to the defendant’s prejudice, in the operation of his grist mill, and to his damage, by causing water to flow over upon the portion of the premises conveyed to him.
Hoy entered into possession of the premises upon the east side of the river in the fall of 1880, and constructed thereon a grist mill, which since that time has been operated by power furnished by water from the same dam. On several occasions in October and Novembr, 1883, the defendant insisting that the flush-boards placed by Douglas in the chute in the centre of the dam, brought the water up to a height therein to which he was not entitled by virtue of the grant, under which he claimed, removed the flush-boards, thereby lowering the water in the dam to such an extent that Douglas claimed the efficiency of the starch factory was materially reduced.
Some little controversy thereupon arose between the parties in reference to such matter, Douglas claiming the right to keep the flush-boards in the chute, for the purpose of raising the water, and Hoy on the other hand denying his right to do so, and insisting upon his authority to remove them. Thereupon plaintiff brought this action, and in his prayer for relief asked that the respective rights and interests of the parties, to the action in and to said water and the use thereof be specifically defined and settled, and that the defendant be restrained from using or wasting the water of said river in such manner as to impair or diminish the plaintiff’s enjoyment thereof, and that the plaintiff recover the damages sustained by reason of the acts of the defendant in removing the flush-boards.
*359 Judgment having been rendered in favor of the plaintiff, upon the trial by the court, the defendant appeals. The learned judge, in the disposition of the case, found, as mat-' ters of law, that in determining the water power plaintiff is entitled to, regard should be had to the wheels used at the time of the grant, the height of the dam at that time, and depth of water at plaintiff’s bulkhead, necessary at that time to furnish the required power and propel the machinery in a double-run starch factory with the wheels then used; that plaintiff is not entitled to a higher head of water, at his bulkhead, than was necessary at the time of the grant with the wheels then used, and that plaintiff, by adopting and using the factory for a period of six years after the grant with the wheels used at the time of the grant, and head of water in his bulkhead as used at the time of the grant, established and accepted the head of water necessary at the time of the grant, on the wheels then used as the head of water to which he is entitled.
Such findings are amply supported by authority. Angell on Water courses, § 160; Griswold v. Hodgman, 2 Hun, 97; Lampman v. Milks, 21 N. Y., 505; Gould on Waters, §§ 539, 540. In fact the appellant substantially concedes the correctness of the legal proposition, as laid down by the court in such respect.
It is apparent, therefore, that so far as the merits of the controversy are concerned, the only question for review is one of fact, i. e., at the time of the acts of the plaintiff complained of, was the dam of the same height, the bulkhead of the same size, and the quantity of water demanded by the wheel in use to run a double-run starch factory, under those conditions, no greater than required by the wheels in use at the time of the grant ?
The learned trial court has so found, and the case contains evidence introduced upon the part of the plaintiff upon which to base such a finding. It also contains evidence presented by the defendant in opposition thereto, but it does not preponderate to such an extent as would warrant or justify this court in reviewing the finding of the' court below. It is not at all improbable that, had the witnesses been before us as they were before the trial court, we should have been able to agree with him in saying that “the plaintiff upon the whole case has sustained his contention by a preponderance of evidence.”.
It being established then that Douglas was entitled to have the dam maintained at the height at which it was at the time Hoy threw the flush boards into the river, and Hoy having insisted upon his right to do so, it follows, that the plaintiff properly brought an action, to continue and.define the respective rights of the parties in and to the water. *360 Emery v. Erskine, 66 Barb , 12; Hall v Augsbury, 46 N. Y., 622.
Equity will adjust the respective rights of the grantors and grantees of water or riparian property. Gould on Waters, § 539.
Under the Code legal rights may be established, and equitable remedies by injunction restraining interference therewith obtained in the same action. Corning v. Troy Iron and Nail Factory, 40 N. Y., 191; Broiestedt v. S. S. R. R. Co., 55 id., 220.
The evidence fully warrants the finding of the court as to the amount of damages which the plaintiff sustained by reason of the acts of the defendant complained of; and the other objections made by the defendant not being of sufficient importance to justify a reversal or call for discussion, the judgment must be affirmed, with costs.
Landon, Ch. J., and Eish, J., concur.