■ BROWNVILLE POWER CORPORATION, Appellant, v HYDRO DEVELOPMENT GROUP, Respondent. — Order affirmed, with costs, for reasons stated at Special Term, Stone, J. All concur, except Callahan, J., who dissents and votes to reverse, in an opinion.

Callahan, J. (dissenting). While I agree that the Federal Energy Regulatory Commission's (FERC) grant of an exemption to Hydro Development Group prevents relitigation of the Federal right to develop the hydraulic head along the Black River between elevations 260 feet and 262 feet mean sea level (*City of Tacoma v Taxpayers,* 357 US 320; see *Matter of de Rham v Diamond,* 32 NY2d 34), I do not concur that Brownville is collaterally estopped from

relitigating the issue of its proprietary rights under State law. Section 27 of the Federal Power Act explicitly preserves the applicability of the "laws of the respective States relating to the control, appropriation, use, or distribution of water used in irrigation or for municipal or other uses, or any vested right acquired therein" (US Code, tit 16, § 821). The proprietary right to use water for power purposes is among those rights preserved by section 27 of the act (*Federal Power Comm. v Niagara Mohawk Power Corp.*, 347 US 239; *Ford & Son v Little Falls Co.*, 280 US 369). Reconciling the pre-emptory nature of FERC's jurisdiction under the Federal Power Act, and the preservation of property rights under section 27, the Court of Appeals for the Second Circuit has held that the purpose of section 27 is to preserve to holders of State-conferred water rights a right to compensation if those rights are taken or destroyed as incident to the exercise by another of a license granted by the commission (*Scenic Hudson Preservation Conference v Federal Power Comm.*, 453 F2d 463, 478, cert den 407 US 926; see, also, Federal Power Act, US Code, tit 16, § 803, subd [c]). The State courts are, therefore, statutorily pre-empted from enjoining hydroelectric power development pursuant to such a license, or in this case, an exemption; but they are not statutorily pre-empted from litigating the property rights issue and awarding compensatory damages where property was taken by one granted a license or exemption. (See *City of Tacoma v Taxpayers*, 357 US 320, 341-342, *supra* [Harlan, J., concurring].) The issue remains as to whether a party is collaterally estopped from relitigating the property rights issue once it has raised it in an application for intervention in exemption or licensing proceedings before the commission. It is true that the Federal Power Commission has promulgated regulations establishing as pre-condition for receiving an exemption pursuant to section 2705 of title 16 of the United States Code that the applicant have "all of the real property interests in non-Federal lands necessary to develop and operate that project" (18 CFR 4.103 [b] [2] [ii]). Furthermore, Brownville did indeed raise the issue of proprietary rights to use the hydraulic force of the water between those elevations when it filed for intervenor status in the commission's proceedings regarding Hydro Development Group's requested exemption. Both Brownville and Hydro Development Group produced evidence in support and opposition to Brownville's claim to such usufructuary rights. The commission found that there was no significant dispute over the requisite property interests in this case and no colorable showing had been made by Brownville that the exemption could not be granted under FERC's regulations. The doctrine of collateral estoppel, however, requires not only that the issue now raised be identical to the issue actually determined in the prior proceeding, but also that it was necessarily decided in the prior proceeding and that there was a full and fair opportunity for litigation (*Capital Tel. Co. v Pattersonville Tel. Co.*, 56 NY2d 11; *Gilberg v Barbieri*, 53 NY2d 285, 291; *Schwartz v Public Administrator of County of Bronx*, 24 NY2d 65, 71). In its introductory comments to its regulations setting forth the procedures for obtaining an exemption under section 2705 of title 16 of the United States Code, the commission explained its rationale underlying the provision requiring that an applicant for an exemption own all property rights necessary for developing a small hydroelectric project (45 Fed Reg 76115, 76119-76121). In response to a question about how conflicting property rights claims would be resolved, the commission stated that "since the exemption attaches to the project and not the owner, any conflict that arose between the two would be left for private resolution subject to the conditions of the exemption. But, a mistake about the sufficiency of an exemption applicant's property interests will not invalidate an exemption that has been granted" (45 Fed Reg 76119). The commission further responded, "One commenter would have the Commission dismiss an exemption applica-

tion if water rights disputes arise. This would be an invitation for some parties to dispute water rights. As indicated above, any such disputes should be worked out at the state level" (45 Fed Reg 76121). Thus, although the regulation generally states that an applicant must own the requisite property interests, the commission does not take the position that ownership of such rights is necessary for granting an exemption. Moreover, the commission, in its decision to grant the exemption in this case, acknowledged that the final resolution of the property rights dispute is not necessary to its decision by stating that the exemption does not preclude the issuance of a permit which is in whole or in part inconsistent with it because the commission can take further action in the future in the public interest. Given the commission's own perception that it was not deciding the issue of property rights with finality when it granted Hydro Development Group an exemption, it also cannot be said that Brownville had a full and fair opportunity to litigate the issue. When an administrative agency has no competent jurisdiction, or even assumes it has no competent jurisdiction over the property dispute, there is always the potential that the agency's deliberation will be lax because the result lacks impact. Brownville cannot, therefore, be collaterally estopped from litigating in State court its claim to the usufructuary rights to the Black River water between elevations 260 and 262 feet, because, even if the issue was raised before the commission, any determination was unnecessary and the opportunity for full and fair litigation of the issue was necessarily precluded. Although injunctive relief was properly denied, Brownville should be afforded the opportunity to litigate its proprietary rights in the State courts for the purpose of receiving declaratory relief or compensatory damages. (Appeal from order of Supreme Court, Jefferson County, Stone, J. — summary judgment.) Present — Hancock, Jr., J. P., Callahan, Doerr, Boomer and Moule, JJ.