Jack **DALRYMPLE** and Rosemary Dalrymple, et al., Plaintiffs,

v.

**GRAND RIVER DAM AUTHORITY,**
Defendant/Third Party Plaintiff,

v.

**UNITED STATES** of America ex rel., **FEDERAL ENERGY REGULATORY COMMISSION;** and United States Army Corps of Engineers, Third Party Defendants.

No. 94–C–970–H.

United States District Court,
N.D. Oklahoma.

April 2, 1996.

**1312**

Scott R. Rowland, Frederic N. Schneider, III, L.K. Smith, Boone Smith Davis Hurst & Dickman, Tulsa, OK, Wayne T. Stratton, N. Larry Bork, Sam Brownback, Goodell Stratton Edmons & Palmer, Topeka, KS, for plaintiffs.

Tony M. Graham, United States Attorney, Tulsa, OK, Jody R. Nathan, Robert A. Franden, Feldman Hall Franden Woodward & Farris, Tulsa, OK, Allen B. Pease, Grand River Dam Authority, Vinita, OK, for defendant/third party plaintiff.

Donna Smith, David E. Jones, Logan & Lowry, Vinita, OK, for intervenors.

Janet Jones, Federal Energy Regulatory Commission, Washington, DC, for third-party defendant U.S. ex rel. Federal Energy Regulatory Com'n.

Phil Pinnell, United States Attorney, Tulsa, OK, Kay Hoover, John Roselle, Terence Smith, United States Army Corps of Engineers, Tulsa District, Tulsa, OK, for third-party defendant U.S. Army Corps of Engineers.

*ORDER*

HOLMES, District Judge.

This matter comes before the Court on Plaintiffs' Motion to Remand (Docket # 4).

Plaintiffs brought this action in the District Court of Ottawa County, alleging claims of inverse condemnation, consequential damage to private property for public use, strict liability, trespass, nuisance, and injunction against Defendant Grand River Dam Authority ("GRDA"). Plaintiffs contend that they sustained damage to their property as a result of the release of water from the Pensacola Dam by GRDA. GRDA is a conservation and reclamation district created within the State of Oklahoma by 82 Okla.Stat.Ann. § 861, which operates the Pensacola Dam pursuant to a license issued by the Federal Energy Regulatory Commission ("FERC").

GRDA removed this action to the United States District Court for the Northern District of Oklahoma on October 14, 1994, alleging that jurisdiction is proper under 28 U.S.C. §§ 1441(b) and 1442(a)(1). On October 21, 1994, GRDA filed a third party claim for indemnification against FERC and the United States Army Corps of Engineers ("Corps"). In an Order entered on this date, the Court dismissed the Third–Party Complaint against the United States. The Court now considers Plaintiffs' motion to remand.

I.

GRDA claims that removal is proper under Section 1442(a)(1) because it was acting pursuant to the direction of a federal officer when it released the waters that allegedly flooded Plaintiffs' property. Section 1442 provides:

(a) A civil action or criminal prosecution commenced in a State court against any of the following persons may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Any officer of the United States or any agency thereof, *or person acting under him,* for any act under color or such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

(emphasis added). GRDA alleges that it is entitled to remove the action under Section 1442(a)(1) because it operates the dam pursuant to a license from FERC and because the Corps directs releases from Grand Lake when the water level is within the flood pool.

Removal under Section 1442(a)(1) must be predicated upon the averment of a colorable federal defense to Plaintiffs' claims. *Mesa v. California,* 489 U.S. 121, 139, 109 S.Ct. 959,

970, 103 L.Ed.2d 99 (1989). Although a defendant need not prove that it would prevail on its federal immunity defense in order to obtain removal, *see Willingham v. Morgan,* 395 U.S. 402, 407, 89 S.Ct. 1813, 1816, 23 L.Ed.2d 396 (1969), a defendant must "allege facts that would support a colorable immunity defense if those facts were true," *State v. Ivory,* 906 F.2d 999, 1002 (4th Cir.1990).

GRDA contends that it has satisfied this requirement by asserting a claim of "shared immunity" with the federal government. Specifically, GRDA relies upon the "government contractor's immunity" recognized by the Supreme Court in *Yearsley v. W.A. Ross Construction Co.,* 309 U.S. 18, 60 S.Ct. 413, 84 L.Ed. 554 (1939). The Supreme Court has recognized government contractor's immunity in a products liability action against a manufacturer who manufactured allegedly defective products under a contract with the federal government and in accordance with government specifications. *Boyle v. United Technologies Corp.,* 487 U.S. 500, 108 S.Ct. 2510, 101 L.Ed.2d 442 (1988). Government contractor's immunity has also barred claims against a construction company performing labor for the government pursuant to a government contract. *Yearsley,* 309 U.S. 18, 60 S.Ct. 413, 84 L.Ed. 554. GRDA has offered no evidence that it is either producing goods or performing labor pursuant to a government contract. Rather, GRDA owns and operates its own facility. The mere fact that it is licensed by FERC does not transform it into a government contractor for purposes of securing federal immunity. In fact, to the contrary, the statutory terms incorporated into the license itself specifically render GRDA, as licensee, liable for damages incurred by third parties as a result of the licensee's operation of its project. Section 10(c) of the Federal Power Act provides:

All licenses issued under this subchapter shall be on the following conditions:

(c) Maintenance and repair of project works; liability of licensee for damages That the licensee shall maintain the project works in a condition of repair adequate for the purposes of navigation and for the efficient operation of said works in the development and transmission of power, shall make all necessary renewals and replacements, shall establish and maintain adequate depreciation reserves for such purposes, shall so maintain and operate said works as not to impair navigation, and shall conform to such rules and regulations as the Commission may from time to time prescribe for the protection of life, health and property. *Each licensee hereunder shall be liable for all damages occasioned to the property of others by the construction, maintenance, or operation of the project works or of the works appurtenant or accessory thereto, constructed under the license, and in no event shall the United States be liable therefor.*

16 U.S.C. § 803(c) (emphasis added); *see Henry Ford & Son v. Little Falls Fibre Co.,* 280 U.S. 369, 50 S.Ct. 140, 74 L.Ed. 483 (1930) (relying upon Section 803(c) to hold licensee liable to third parties).

GRDA recognizes the applicability of this language, *see* Def.'s Mem. in Opp'n to Pls. Mot. to Remand at 17 n. 16, but seeks to avoid it. GRDA states in brief as follows:

Section 10(c) of the Federal Power Act was enacted in 1920. Section 3 of the Flood Control Act of 1928 (33 U.S.C. § 702(c))—the basis for GRDA's claim of shared immunity—was enacted later. Section 10(c) generally addresses the liability for all federal hydroelectric licensees. Section 3 of the Flood Control Act of 1928 addresses the specific issue of liability for the federal government's flood control activities. As both a later enactment, and a more specific enactment, the provisions of Section 3 of the Flood Control Act of 1928 prevail over the more general provision of Section 10(c) of the Federal Power Act.

*Id.* GRDA's reliance upon Section 702c, however, is misplaced. That provision merely states that "[n]o liability of any kind shall attach to or rest upon the United States for any damage from or by floods or flood waters at any place." 33 U.S.C. § 702c. It does not extend that protection to licensees, nor does it even allude to the licensee's role in the flood control process. In fact, one federal appellate court has rejected the notion that Section 702c provides "shared immunity" to local water districts operating flood control

projects constructed by the Corps. *Taylor Bay Protective Ass'n v. Administrator, United States Envtl. Protection Agency,* 884 F.2d 1073 (8th Cir.1989). By contrast, Section 10(c) of the Federal Power Act deals exclusively with the relationship between licensees and the federal government, squarely placing potential liability on licensees and explicitly preserving the federal government's immunity. The Court therefore rejects GRDA's claim that it shares in the general immunity of the United States when federal law specifically subjects licensees to liability to third parties.[1] Because GRDA does not have a colorable federal immunity defense to this action, the Court does not have jurisdiction pursuant to 28 U.S.C. § 1442(a)(1).

## II.

■ GRDA asserts 28 U.S.C. § 1441(b) as an additional basis for removal. That provision states:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought.

In applying Section 1441(b), the Tenth Circuit has held that

> the required federal right or immunity must be an essential element of the plaintiff's cause of action, and [ ] the federal controversy must be 'disclosed upon the face of the complaint, unaided by the answer or by the petition for removal.'

*Fajen v. Foundation Reserve Ins. Co.,* 683 F.2d 331, 333 (10th Cir.1982) (citations omitted). It is uncontested that the alleged federal right or immunity is not an element of Plaintiffs' cause of action. Instead, GRDA contends that the "fundamental issues in this

case involve federal flood control activities, whether or not Plaintiffs have chosen so to plead those issues." Def.'s Mem. at 22. In support of the proposition that federal law, though unspoken, can so permeate a petition that it mandates removal, GRDA cites *Metropolitan Life Insurance Co. v. Taylor,* 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). In *Taylor,* the Supreme Court held that the defense of ERISA preemption need not appear on the face of the complaint because ERISA claims are necessarily federal in character. *Id.* at 66, 107 S.Ct. at 1547–48. The Court has held herein that GRDA has no claim to federal immunity. Furthermore, the Court rejects GRDA's assertion that Plaintiffs' claims are necessarily federal in character. Therefore, there is no basis for removal under Section 1441(b).

Accordingly, Plaintiffs' Motion for Remand is hereby granted (Docket # 4). The Clerk of the Court is directed to send a copy of this Order to the Clerk of the District Court of Ottawa County, Oklahoma.

IT IS SO ORDERED.

---

1. The Court also rejects GRDA's argument that it is entitled to government contractor's immunity because it is acting pursuant to federal law and "contracts with the Corps of Engineers." Def.'s Supp.Resp. at 8. Nothing contained in the stat-

utes and regulations cited in support of this proposition transforms them from regulatory provisions issued by a governmental entity into contracts between two consenting parties.